```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

  **v.**                                      **CRIMINAL NO. 1:06CR82-1**
                                                  **(Judge Keeley)**

**TODD DEVLON HILL,**

       **Defendant.**

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S DETENTION ORDER AND
OVERRULING THE DEFENDANT'S OBJECTION TO THE DETENTION ORDER**

On January 31, 2007, the Court conducted a hearing to address the defendant's objection to the detention order entered by United States Magistrate Judge John S. Kaull on January 17, 2007. The Court heard argument from both parties and, out of abundance of caution, held the defendant's objection in abeyance until the transcript of the detention hearing was available for its review. On February 12, 2007, the transcript of the detention hearing was filed in the case; thus, the defendant's objection is ripe for a final decision by the Court.

The defendant, Todd Devlon Hill ("Hill"), stands indicted on five separate drug offenses in violation of 21 U.S.C. §841(a)(1) and §856(a)(1), including, but not limited to, a charge of conspiracy to possess with the intent to distribute and to distribute fifty (50) grams or more of a mixture or substance containing cocaine base, also known as "crack." After his arrest, the Government moved for pretrial detention pursuant to 18 U.S.C.

U.S. v. HILL                                                    1:06cr82

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S DETENTION ORDER AND OVERRULING THE DEFENDANT'S OBJECTION TO THE DETENTION ORDER**

§3142(e) and (f).  On January 17, 2007, Magistrate Judge Kaull held a detention hearing and, after hearing testimony on the issue, ordered that Hill be detained pending trial in this matter.  On January 19, 2007, Hill objected to the Magistrate Judge's detention order specifically with respect to his finding that Hill failed to rebut the presumption that no condition or combination of conditions would reasonably assure his appearance as required and the safety of the community.

When a defendant seeks review of a magistrate judge's order of detention, the district court must conduct a <u>de novo</u> review and undertake a complete review of the matter for the purpose of arriving at its own "independent conclusion."  <u>United States v. Williams</u>, 753 F.2d 329, 331 (4th Cir. 1985).  Under the Bail Reform Act, detention of a defendant is warranted if the court finds no condition or combination of conditions will "reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. §3142(e).  In making this determination, a court must hold a detention hearing pursuant to 18 U.S.C. §3142(f) and must consider specific factors set forth in 18 U.S.C. §3142(g)[1].

---

[1] 18 U.S.C. §3142(g) states:

**Factors to be considered.--**The judicial officer shall, in

2

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S DETENTION ORDER AND OVERRULING THE DEFENDANT'S OBJECTION TO THE DETENTION ORDER**

If probable cause exists to believe that a defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, a rebuttable presumption arises that no conditions of release exist that would reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. §3142(e). The defendant then has the burden of producing some evidence which

---

determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

**(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

U.S. v. HILL                                                1:06cr82

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S DETENTION ORDER AND
OVERRULING THE DEFENDANT'S OBJECTION TO THE DETENTION ORDER**

suggests that the presumption is unwarranted given the particular facts of his case. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991), United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989). Although the burden of production shifts to the defendant, the government retains the ultimate burden of persuasion. Dillon, 938 F.2d at 1416, Hare, 873 F.2d at 799. Even if the defendant produces such evidence, the presumption in favor of detention does not disappear, but, instead, the presumption that drug offenders pose a special risk of flight and dangerous to society must be weighed against the other factors enumerated in 18 U.S.C. §3142. Id.

Because probable cause exists, in the form of the indictment, to believe that Hill committed a drug offense subject to a maximum term of imprisonment of 10 years or more as provided for in the Controlled Substances Act, the statutory presumption in favor of detention is present in this case.[2] In an effort to rebut this presumption, Hill presented testimony from two witnesses at his detention hearing before Magistrate Judge Kaull.

---

[2] A grand jury indictment conclusively determines existence of probable cause. United States v. Vargas, 804 F.2d 157 (1st Cir. 1987); United States v. Contreras, 776 F.2d 51, 52 (2nd Cir.1985); United States v. Hazime, 762 F.2d 34, 37 (6th Cir.1985); United States v. Dominguez, 783 F.2d 702, 706 n. 7 (7th Cir.1986).

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S DETENTION ORDER AND
OVERRULING THE DEFENDANT'S OBJECTION TO THE DETENTION ORDER**

First, Gloria Hill, the defendant's mother, testified that she resides in HUD Section 8 housing in the Highland Park area of Pittsburgh, Pennsylvania with the defendant, her grandson, who is Hill's son, and her daughter. On direct examination, she testified that Hill had lived with her for the past five years at her Highland Park address. Accordingly, she testified that she had the ability to ensure and is willing to be responsible for ensuring that Hill appears in Court as required.

On cross examination, however, she testified that Hill had just recently returned to her residence and that he had not been staying with her on a regular basis because they had been "upset with each other." She further testified that Hill spent quite a bit of time out-of-town at his girlfriend's house in West Virginia. She conceded that she could not recount Hill's day-to-day whereabouts in the last few years. Specifically, she stated, "He's 21 though. I can't keep track of him, I have a 10 year old at home."

Hill's mother also testified that she is trying to start her own housekeeping business and is out of the house approximately three days a week for her work. Furthermore, she admitted that she had been convicted of prostitution ten years ago.

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S DETENTION ORDER AND OVERRULING THE DEFENDANT'S OBJECTION TO THE DETENTION ORDER**

Jay Ward, Gloria Hill's fiancé, also testified on behalf of Hill at the detention hearing. Ward testified that he also resides in Pittsburgh, Pennsylvania and is currently employed as a sheet metal worker. He indicated that he was willing to be responsible for ensuring that Hill appears as required at Court because he cares about him and "it's the right thing to do."

In response to questions asked by the Magistrate Judge, Ward testified that he lives approximately six blocks away from Hill's mother and usually works 10 to 12-hour shifts at work. He stated that on some occasions he would spend days or nights with Hill's mother, but on other occasions he would not.

The Court finds that the evidence produced by Hill fails to rebut the presumption that he will not be a flight risk or endanger any person or the community. A careful review of the record demonstrates that Hill claims that his primary residence for the past five years has been with his mother in Pittsburgh, but concedes that he also stayed with his girlfriend in West Virginia on occasion. Furthermore, during the time that he was allegedly residing with his mother on a full time basis, Hill was arrested in West Virginia on two occasions in addition to several arrests in Pittsburgh, Pennsylvania. Hill also produced no evidence to

U.S. v. HILL                                                    1:06cr82

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S DETENTION ORDER AND
OVERRULING THE DEFENDANT'S OBJECTION TO THE DETENTION ORDER**

demonstrate that he has maintained steady employment in the past five years.

Hill has no significant ties to West Virginia. Hill failed to produce evidence that he has maintained employment in West Virginia which could explain his continued presence in this jurisdiction. Therefore, he has no reason to reside in West Virginia except for his occasional visits with his girlfriend and the illegal drug activity alleged in the indictment.

Although he has family members willing to take responsibility for assuring his presence at court proceedings, Hill will be difficult to monitor on pre-trial release if he resides out of this jurisdiction with his mother in Pittsburgh, Pennsylvania. Moreover, the evidence does not demonstrate that Hill's mother or her fiancé have any reliable way to monitor Hills whereabouts because both maintain steady employment and have other family responsibilities. Hill's extensive criminal history during the time period he was allegedly residing with his mother and his mother's own testimony clearly establish that she does not have any control over Hill's activities. Therefore, the Court concludes that Hill is a significant flight risk.

The testimony given on Hill's behalf also failed to establish

U.S. v. HILL                                                          1:06cr82

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S DETENTION ORDER AND
OVERRULING THE DEFENDANT'S OBJECTION TO THE DETENTION ORDER**

that he would not continue his pattern of criminal activity. Hill's prior charges in West Virginia and Pennsylvania state courts include but, are not limited to, providing false identification to law enforcement, harassment, tampering with or fabricating physical evidence, altering or forging license plates, obstructing an officer, as well as possessing marijuana. In addition, the indictment in this case charges Hill with conspiring to possess with intent to distribute or distribute 50 grams or more of crack as well as aiding and abetting in maintaining any place of drug purposes. Therefore, the Court finds that the nature and seriousness of the crimes with which the defendant is presently charged and his past criminal history demonstrate that he poses a significant risk to the community. Accordingly, the Court finds, by clear and convincing evidence, that there is no condition or combination of conditions that would reasonably assure or the appearance of the defendant as required and the safety of the community.

Hill also asserts that the Magistrate Judge failed to make an express finding that he failed to rebut the presumption created by statute in his detention order. Although Hill fails to provide the statutory basis for this argument, the Court assumes that it

U.S. v. HILL                                                          1:06cr82

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S DETENTION ORDER AND
OVERRULING THE DEFENDANT'S OBJECTION TO THE DETENTION ORDER**

arises from 18 U.S.C. §3142(i) which requires the Magistrate Judge to make written findings of fact and a written statement of the reasons for detention. Magistrate Judge Kaull, however, made specific oral findings at the detention hearing:

> THE COURT: Based on what I have in front of me and what I have to decide, the factual situation is such that this Defendant has not resided in this home as a regular practice. That is the home of Ms. Gloria Hill, as a regular practice for something approaching more than a year. He is in and out. The evidence is clear that he is – that most of the time they don't know where he is, they assume he is with his girlfriend in West Virginia.
>
> Both Ms. Hill and Mr. Ward are necessarily engaged in their own business – businesses and relationship. Mr. Ward is doing work as a sheet metal worker, working different hours per day. And Ms. Hill attempting to get her own business going, plus, taking care of children in the home. The Court was impressed with Ms. Hill's testimony that -- and the honesty and candor of that testimony, particularly, with respect to her statement that, and this is not a quote, it's close. I can't treat – he is 21, I can't keep track of him, I have a 10 year old son.
>
> And the Court, is also impressed with Mr. Ward's candor and belief that he would do this for Mr. Hill, the Defendant, because it's the right thing to do. And I agree with him, it would be the right thing to do but that isn't the issue that rests with me. The question is, whether or not Mr. Hill presents, where there has been a rebuttal of the presumption created by Congress in the statute. Mr. Hill's history in this case and the evidence that has been presented to me, do not rebut that presumption.

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S DETENTION ORDER AND OVERRULING THE DEFENDANT'S OBJECTIONS TO THE DETENTION ORDER**

The requirements of 18 U.S.C. §3142(i) are clearly satisfied by the Magistrate Judge's extensive oral findings placed on the record at the detention hearing in conjunction with the findings set forth in his detention order. U.S. v. Vargas, 804 F.2d 157 (1st Cir. 1986); U.S. v. Peralta, 849 F.2d 625 (D.C. Cir. 1988). Furthermore, if Magistrate Judge Kaull failed to place the proper written findings on the record, the Court has done so upon its de novo review. U.S. v. Clark, 865 F.2d 1433, 1438, n. 3 (4th Cir. 1989); U.S. v. Moss, 887 U.S. F.2d 333, 338 (1st Cir. 1989); U.S. v. Fortna, 769 F.2d 243 (5th Cir. 1985).

For the reasons stated above, the Court **AFFIRMS** Magistrate Judge Kaull's January 17, 2007 detention order (dkt no. 28), **OVERRULES** the defendant's objection (dkt no. 32), and **ORDERS** that the defendant be detained pending trial in this case.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to the counsel of record and all appropriate agencies.

DATED: February 16, 2007.

/s/Irene M. Keeley  
IRENE M. KEELEY  
UNITED STATES DISTRICT JUDGE